Dear Ms. Little:
You have requested the Attorney General's opinion as to which state agency has authority to command emergency response activities arising as a result of a release of a hazardous substance. Your questions are addressed individually below.
 1. In reference to LA. R.S. 30:2376 and Louisiana Administrative Code, which state agency has command authority of emergency response activities arising as a result of a release of a hazardous material?
Until it is ruled invalid by a court of law, LA. R.S. 30:2376(B) and LAC 33:V.10111 mandates that the Deputy Secretary of the Department of Public Safety and Corrections, through the Office of State Police, Hazardous Substance Control Section, must act as coordinator of emergency response activities arising as a result of releases of materials regulated under LA. R.S. 30:2361 et seq.
It must be noted that the Louisiana Emergency Response Commission, established as per LA. R.S. 30:2364, operates and functions under the supervision and authority of the Deputy Secretary, Department of Public Safety and Corrections, Office of the State Police.
As indicated by LA. R.S. 30:2376(B) and LAC 33:V.10111, the Deputy Secretary must coordinate all emergency response activities involving the release of hazardous materials.
 2. Does Louisiana Law give the State Police authority to assume command of any and all hazardous materials response activities, regardless of local planning or capability?
Unless and until it is ruled invalid by a court of law, LAC33:V.10501(A), which was promulgated in accordance with R.S. 30:1501 et seq and R.S. 39:1140, provides only the Office of State Police with the authority to enforce hazardous waste regulations adopted for the carriage of hazardous waste by highway, rail, air, and vessel.
The Louisiana Administrative Code, Section 33:V.10501(A) provides the State Police with the sole authority to enforce regulations concerning the carriage of hazardous waste by highway, rail, air, and vessel, thus State Police have the authority to assume command when there are violations concerning these regulations.
In regards to emergency response activities arising as a result of the storage of hazardous materials, the Deputy Secretary, through the Office of State Police, hazardous substance control section, must also act as the coordinator of the emergency response activities, since the broad definition of "release" includes the storage of a hazardous substance.
There is no specific state law authority, to our knowledge, which defines "coordinator", however, the unabridged Webster's International Dictionary defines "coordinator" as "one who coordinates; one that expedites by recommending, although often not supervising; measures which eliminate confusion". As per LA. R.S. 30:2376(B), the Deputy Secretary, through the Office of State Police, must act as "coordinator" and, thus, must eliminate any confusion which might result from the emergency.
To our knowledge, there is no specific state law which defines "incident commander". As indicated previously, LA. R.S. 30:2376(B) mandates the Deputy Secretary, through the Office of State Police, hazardous substance control section, to be the "coordinator" of all emergency response activities, and thus, by inference, coordinator of all activities and the "incident commander".
This, of, course, does not affect the Local Emergency Planning Committee's (LEPC) authority to place a local department as the lead agency and designate an "incident commander" until the Deputy Secretary, through the Office of State Police, hazardous substance control section, arrives to "coordinate" the emergency response activities.
It must also be noted that in the event of any emergency response activity, a "joint-command" is encouraged, however, as per LA. R.S.30:2376(B), the Deputy Secretary of the Department of Public Safety and Corrections, through the Office of State Police, hazardous substance control section, is mandated to act as the coordinator of the emergency response activities.
 4. In reference to LA. R.S. 39:2376(C), what is the sheriff's responsibility with regard to his authority to address emergency responses?
LA. R.S. 30:2376(C) is not intended to diminish any of the sheriff's responsibility with regards to his authority to address an emergency response. Louisiana State Law LA. R.S. 33:1437.1 provides the sheriff of any parish the authority to operate and maintain an ambulance service, emergency rescue service, and emergency disaster service within the parish.
If we may be of further assistance to you, please feel free to contact this office.
Yours truly,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: HARRY B. WARD Staff Attorney
WJG, jr/HBW/lml
cc: Rep. Jimmy N. Dimos Dimos, Erskine, Brown, Buskett Stubbs Avenue Monroe, LA 71201
 Col. Marlin Flores, Louisiana State Police Deputy Secretary P.O. Box 66614 Baton Rouge, LA 70896
 Captain Louis Cook Louisiana State Police Transportation and Environmental Safety P.O. Box 66614 Baton Rouge, LA 70896